08-23079.or

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 08-23079-CIV-BROWN

ATLANTIC SEA COMPANY, S.A.,
As owner of the M/V "ATLANTIC"
Official No.: 32396-07,

    Plaintiff,

vs.

ANAIS WORLDWIDE SHIPPING, INC.,

    Defendant.

EXPORT A&M SHOES & CLOTHES, INC.,

    Claimant,

ASSOCIATED MARINE SALVAGE, INC.,

    Claimant,

SAINT ESPERANCE,

    Claimant,

OUCULLA NOEL,

    Claimant,

PASTOR ROGER MOONSTARSUN,

    Claimant.

_____/

## ORDER DENYING CLAIMANTS, ANAIS WORLDWIDE, SAINT ESPERANCE & EXPORT A&M SHOES, MOTION FOR SANCTIONS/MOTION IN LIMINE BASED UPON THE SPOLIATION OF CRITICAL EVIDENCE IN THIS MATTER

1

**This matter** is before the Court on Anais Worldwide Shipping, Inc., Saint Esperance, and Export A&M Shoes & Clothes, Inc.'s ("Claimants") Motion for Sanctions against the Plaintiff, Atlantic Sea Company, S.A. (D.E. #91). The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

### Facts

This case arises out of a fire aboard the M/V "Atlantic" in July, 2008. It is undisputed that the fire began in the area of the ship's crane aboard the vessel. The ship's crane had halogen spotlights affixed to the side of the crane mast. The Claimants' expert alleges that the fire was caused by a malfunction of the spotlight on the crane. Alternatively, the expert alleges that due to the spotlight's direct proximity to the cargo, it became overheated and broke, which caused flammable material to ignite the cargo.

In the instant motion, the Claimants allege that the Plaintiff spoliated the evidence by failing to preserve the spotlight and its electrical wiring, thus inhibiting the Claimants' ability to prove their allegations with regards to causation of the fire.[1] The Claimants request that this Court impose sanctions upon the Plaintiff for spoliation, including dismissal of the case, a presumption of liability on the Plaintiff, or the imposition of an adverse inference regarding the negligence of the Plaintiff.

### Discussion

As the United States Supreme Court noted in *Chambers v. NASCO, Inc.*, the federal courts have certain inherent powers which are "governed not by rule or statute but by the control necessarily

---

[1] Spoliation is defined as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Zubulake v. UBS Warburg, LLC*, 229 F.R.D. 422, 430 (S.D.N.Y. 2004) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).

vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

The Eleventh Circuit Court of Appeals has stated that "sanctions for discovery abuses are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). Sanctions for spoliation of evidence may include "(1) dismissal of the case; (2) exclusion of expert testimony; or (3) a jury instruction on spoliation of evidence which raises a presumption against the spoliator." *Flury*, 427 F.3d at 945. The Eleventh Circuit has stated, "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).

The court may find bad faith "based upon direct evidence or on circumstantial evidence where certain factors converge." *Calixto v. Watson Bowman Acme Corp.*, 2009 U.S. Dist. LEXIS 111659, at *45 (S.D. Fla. 2009). Circumstantial evidence leading to a finding of bad faith may be found where "(1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator." *Calixto*, 2009 U.S. Dist. LEXIS 111659, at *45. Mere negligence in losing or destroying evidence is insufficient to support the imposition of sanctions for spoliation. *Bashir v. AMTRACK*, 119 F.3d 929, 931 (11th Cir. 1997).

The Claimants offer no direct evidence of bad faith, and thus this Court must assess the

circumstantial evidence of bad faith under the standard set forth in *Calixto*. The Claimants allege that the light fixture is crucial to their ability "to establish the cause of the subject fire and/or Defendant's liability." D.E. #91 at p. 4.

The Court is not persuaded by the Claimants' conclusory allegation that the Defendant acted with bad faith by "destroy[ing] the light fixture since it was lost and/or destroyed well after the subject fire occurred [...]."[2] D.E. #91 at p. 5. The Claimants have not properly alleged an "affirmative act" by the Plaintiff leading to the destruction of the evidence, but rather state that the Plaintiff "failed to preserve the light fixture." D.E. #91 at p. 3. Despite the Claimants' assertion that Mr. Castelino, the Plaintiff's expert, testified that the light fixture was present after the fire, this allegation is erroneous. In his deposition, Mr. Castelino testified that he was unsure whether or not the light fixture was present during his initial inspection and would need to examine the photographs he took in order to determine whether the light fixture was present.[3] D.E. #114, Ex. 4. However, the Plaintiff submitted an errata sheet to Mr. Castelino's deposition which indicates that Mr. Castelino inspected his photographs after his deposition and determined that the light fixture was absent during his initial inspection. D.E. #114, Ex. 14. Given the Claimants' failure to allege an affirmative act by the Plaintiff leading to the spoliation of the evidence, the Court need not reach the issue of whether the Plaintiff knew or should have known of its duty to preserve the evidence.

---

[2] The Claimants offer no evidence to support their allegation that the light fixture was destroyed "well after" the fire. (D.E. #91; D.E. #127).

[3] Firefighting efforts were ongoing on July 8, 2008, when Mr. Castelino first examined the vessel from alongside the ship. The fire was ultimately extinguished on July 9, 2008. D.E. #114 at p. 3.

Furthermore, the Plaintiff has offered a credible explanation for the loss of the evidence. The Plaintiff did not have control of the vessel due to fire-fighting efforts from the time the fire began on July 5, 2008 until the fire was fully extinguished on July 9, 2008. The Plaintiff sets forth photographic evidence and expert testimony indicating that the light fixture was missing the day after the fire began, allegedly due to the fire itself or extensive fire fighting efforts. D.E. #114 at 8-9, Ex. 8, Ex. 11, Ex. 14. Finally, the Claimants have suffered no prejudice since neither party's experts were able to inspect the missing light fixture.

Because this Court is unable to find any direct or circumstantial evidence of bad faith, there is no basis to impose any of the sanctions for spoliation requested by the Claimants. Accordingly, the Court being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that the Motion for Sanctions/Motion in Limine Based Upon the Spoliation of Critical Evidence in this Matter is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of June, 2010.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Counsel of record